OPINION
{¶ 1} Appellant, Andre Corpening, appeals from the May 4, 2007 judgment entry of the Ashtabula County Court of Common Pleas, in which he was sentenced for possession of cocaine.
 {¶ 2} On June 2, 2006, appellant was indicted by the Ashtabula County Grand Jury on one count of possession of cocaine, a felony of the third degree, in violation of R.C. 2925.11. On June 12, 2006, appellant filed a waiver of his right to be present at the arraignment and the trial court entered a not guilty plea on his behalf. *Page 2 
 {¶ 3} On June 23, 2006, appellant filed a motion to suppress statements and evidence.[1] Appellee, the state of Ohio, filed a response in opposition on July 21, 2006.
 {¶ 4} A suppression hearing was held on September 1, 2006.
 {¶ 5} At that hearing, Thomas P. Perry ("Patrolman Perry"), with the Ashtabula Police Department, testified for appellee that on March 24, 2006, at around 9:30 p.m., he was on duty in his marked cruiser accompanied by his canine. He observed appellant's vehicle make a left hand turn without a turn signal directly in front of him into a residential driveway, 1116 West 41st Street. Patrolman Perry was forced to apply his brakes abruptly in order to avoid a collision. He intended to cite appellant for failure to yield and failure to use a turn signal.
 {¶ 6} After pulling into the driveway, appellant immediately opened the driver's side door and exited the vehicle. Patrolman Perry identified himself and asked appellant to stop. He complied. For purposes of his safety, Patrolman Perry performed a pat down search of appellant. Patrolman Perry stated that the reason he patted appellant down was because he was patrolling a high crime area known for drug trafficking and he recognized appellant from prior drug related cases. Patrolman Perry then summoned his patrol canine to sniff the exterior of appellant's car. When the canine came around to the driver's side front door, he stopped, his respiration increased, and he started to frantically scratch the door. At that time, Patrolman Perry opened the car door and located two bags of suspected crack cocaine in the door handle. Several other officers arrived at the scene, and a field test confirmed that the substance was crack cocaine. Appellant was then placed under arrest for possession of cocaine. *Page 3 
 {¶ 7} On cross-examination, Patrolman Perry testified that he did not find any weapons or drugs on appellant's person during the pat down. He also stated that he did not give appellant a traffic citation after the search.
 {¶ 8} James Alan Dwer ("Dwer") testified for appellant that he and appellant are cousins. Dwer, the renter of 1116 West 41st Street, stated that appellant had permission to use his driveway.
 {¶ 9} Antonio Parker ("Parker") testified for appellant that he lived at 1122 West 41st Street, and was sitting outside on his porch on the night at issue. Parker saw appellant, his cousin, turn his vehicle from West Avenue, stop for kids to cross the street, and turn into Dwer's driveway. Parker never noticed any near collision between appellant's car and another vehicle. He said that appellant was coming off the porch on 1116 West 41st Street when Patrolman Perry pulled into the driveway.
 {¶ 10} On cross-examination, Parker testified that he did not know if appellant used his turn signal or not when he pulled into Dwer's driveway.
 {¶ 11} According to appellant, he waited for a few kids to cross the street, pulled into Dwer's driveway, then exited his vehicle. He testified that he did not almost cause a collision, and did not remember if he had used his turn signal. Appellant stated that as he got to the steps in front of Dwer's house, Patrolman Perry asked him to come off the steps, then pulled in the driveway. Appellant indicated that Patrolman Perry patted him down and searched his vehicle, without his consent.
 {¶ 12} On cross-examination, appellant stated that it was possible that he made the turn without using his turn signal. *Page 4 
 {¶ 13} Pursuant to its September 26, 2006 judgment entry, the trial court overruled appellant's motion to suppress.
 {¶ 14} On January 16, 2007, appellant withdrew his former plea of not guilty, and entered a written plea of no contest. The trial court accepted appellant's plea and found him guilty of possession of cocaine, a felony of the third degree, in violation of R.C. 2925.11.
 {¶ 15} Pursuant to its May 4, 2007 judgment entry, the trial court sentenced appellant to two years in prison, with twenty-six days of credit, and suspended his right to drive a motor vehicle in Ohio for six months. It is from that judgment that appellant filed the instant appeal, raising the following assignment of error for our review:[2]
 {¶ 16} "The trial court erred as a matter of law by overruling [appellant's] motion to suppress the fruits of the unconstitutional search of his automobile."
 {¶ 17} In his sole assignment of error, appellant argues that the trial court erred by overruling his motion to suppress. He presents two issues for our review.
 {¶ 18} In his first issue, appellant contends that "[t]he intentional seeking and finding of contraband inside of an enclosed, locked vehicle by a highly trained, canine police officer, who has successfully graduated from a law enforcement training academy in the same manner as his or her human handler, should be a search for purposes of triggering the constitutional protections afforded by the Fourth Amendment."
 {¶ 19} In his second issue, appellant alleges that "Officer Perry violated [his] Fourth Amendment rights by not even attempting to fulfill the stated purpose of the initial detention (i.e., to issue a traffic citation or citations) before he veered completely outside the scope of *Page 5 
the stop of appellant in order to engage in a fishing expedition for illegal drugs inside of the seized vehicle."
 {¶ 20} Preliminarily, we note that this court stated in State v.Jones, 11th Dist. No. 2001-A-0041, 2002-Ohio-6569, at ¶ 16:
 {¶ 21} "[a]t a hearing on a motion to suppress, the trial court assumes the role of the trier of facts and, therefore, is in the best position to resolve questions of fact and evaluate the credibility of witnesses. State v. Mills (1992), 62 Ohio St.3d 357, 366 * * *. When reviewing a motion to suppress, an appellate court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Guysinger (1993), 86 Ohio App.3d 592, 594
* * *. Accepting these findings of facts as true, a reviewing court must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the appropriate legal standard. State v. Curry (1994), 95 Ohio App.3d 93, 96 * * *." (Parallel citations omitted.)
 {¶ 22} With respect to his first issue, appellant contends that the use of a highly trained, drug sniffing police canine is a search for purposes of triggering the constitutional protections afforded by the Fourth Amendment. We disagree.
 {¶ 23} "`Initially, a law enforcement officer may momentarily stop and detain an individual without a warrant (a Terry stop) when the officer has a reasonable suspicion based on specific, articulable facts that criminal activity has just occurred or is about to take place.'State v. Evans (1998), 127 Ohio App.3d 56, 60 * * *, citing Terry v.Ohio (1968), 392 U.S. 1 * * *. This is an exception to the warrant requirement under the *Page 6 
Fourth Amendment. Id. Whether police have a "reasonable suspicion" is gleaned from considering the totality of the circumstances.' State v.Andrews (1991), 57 Ohio St.3d 86, 87 * * *." (Parallel citations omitted.)State v. Maloney, 11th Dist. No. 2007-G-2788, 2008-Ohio-1492, at ¶ 22.
 {¶ 24} "`* * * [A] minor violation of a traffic regulation (* * *) that is witnessed by a police officer is, standing alone, sufficient justification to warrant a limited stop for the issuance of a citation.'" State v. Montes, 11th Dist. No. 2003-L-072, 2004-Ohio-6475, at ¶ 19, quoting State v. Yemma (Aug. 9, 1996), 11th Dist. No. 95-P-0156, 1996 Ohio App. LEXIS 3361, at 6-8.
 {¶ 25} In the case at bar, again, Patrolman Perry observed appellant make an abrupt left hand turn without using his turn signal. As such, Patrolman Perry had probable cause to stop appellant due to the traffic violation.
 {¶ 26} This court stated in State v. Matteucci, 11th Dist. No. 2001-L-205, 2003-Ohio-702, at ¶ 34-36:
 {¶ 27} "If a vehicle has been lawfully detained, the exterior sniff by a trained narcotics dog to detect the presence of illegal drugs does not constitute a search because it does not violate a reasonable expectation of privacy. State v. Rusnak (1997), 120 Ohio App.3d 24, 28 *X**;[State v.] French [(1995)], 104 Ohio App.3d [740,] * * * 749; State v.Carlson (1995), 102 Ohio App.3d 585, 594 * * *. As such, `Ohio courts have held that police need not have a reasonable suspicion of drug-related activity prior to subjecting an otherwise lawfully detained vehicle to a canine sniff.' Rusnak, 120 [O]hio App.3d at 28.
 {¶ 28} "* * * *Page 7 
 {¶ 29} "As for the search of appellant's vehicle, `once a trained drug dog alerts to the odor of drugs from a lawfully detained vehicle, an officer has probable cause to search the vehicle for contraband.'French, 104 Ohio App. 3d at 749. * * *." (Parallel citations omitted.)
 {¶ 30} Here, because Patrolman Perry had sufficient grounds to stop appellant and lawfully detain his vehicle, the exterior sniff by his canine for the presence of illegal drugs did not constitute a search. After the canine alerted to the odor of drugs from the driver's side door of appellant's vehicle, Patrolman Perry had probable cause to search the car for contraband.
 {¶ 31} Appellant's first issue is without merit.
 {¶ 32} In his second issue, appellant alleges that he was subjected to an unconstitutionally prolonged detention by Patrolman Perry. We disagree.
 {¶ 33} "`* * * [W]hen detaining a motorist for a traffic violation, an officer may delay the motorist for a time period sufficient to issue a ticket or a warning.'" State v. Batchili, 113 Ohio St.3d 403,2007-Ohio-2204, at ¶ 12, quoting State v. Howard, 12th Dist. Nos. CA2006-02-002 and CA2006-02-003, 2006-Ohio-5656, ¶ 15. "This measure includes the period of time sufficient to run a computer check on the driver's license, registration, and vehicle plates.'" Id., quotingHoward, citing State v. Bolden, 12th Dist. No. CA2003-03-007,2004-Ohio-184, at ¶ 17, citing Delaware v. Prouse (1979), 440 U.S. 648,659. Further, "`[i]n determining if an officer completed these tasks within a reasonable length of time, the court must evaluate the duration of the stop in light of the totality of the circumstances and consider whether the officer diligently conducted the investigation.'" Id., quoting Howard, quoting State v. Carlson (1995), 102 Ohio App.3d 585,598-599, *Page 8 
citing State v. Cook (1992), 65 Ohio St.3d 516, 521-522, and U.S. v.Sharpe (1985), 470 U.S. 675.
 {¶ 34} In the case sub judice, Patrolman Perry, who was accompanied by his canine, pulled into Dwer's driveway, intending to issue a traffic citation to appellant. According to Patrolman Perry, only a matter of seconds had passed from the time appellant turned into the driveway until the time he ordered appellant to stop. Again, Patrolman Perry was patrolling a high crime area known for drug trafficking and knew appellant from prior drug related cases. Patrolman Perry testified that only a minute or so had elapsed before conducting the pat down search of appellant for officer safety. Appellant indicated that only four or five minutes had passed from the time he exited his vehicle until the time his car was searched.
 {¶ 35} Appellant was not delayed beyond a period sufficient to issue a citation. The record does not establish that appellant's detention was unreasonably delayed due to the exterior sniff by the canine and the search for contraband. Thus, based on the facts presented, appellant's Fourth Amendment rights were not violated.
 {¶ 36} Appellant's second issue is without merit.
 {¶ 37} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Ashtabula County Court of Common Pleas is affirmed. It is the further order of this court that costs are waived since appellant appears from the record to be indigent. The court finds that there were reasonable grounds for this appeal.
DIANE V. GRENDELL, P.J., MARY JANE TRAPP, J., concur.
[1] Appellant filed an amended motion to suppress on August 29, 2006, and a second amended motion on September 15, 2006.
[2] Appellant filed a pro se motion for leave to file a delayed appeal pursuant to App. R. 5(A), along with his notice of appeal on November 21, 2007. Appellee filed its response in opposition on November 26, 2007. This court granted appellant's motion on February 1, 2008. *Page 1